IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ASHLEE LAWRENCE,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

No. C 09-80268 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON JANUARY 29, 2010, AT 9:00 A.M.

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court also suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The Court **tentatively denies** Plaintiff's motion. Each party shall have fifteen (15) minutes to address the following questions:

1. Do the parties agree that under *United States v. Ritchie*, 342 F.3d 903 (9th Cir. 2003) and *United States v. Ibrahim*, 522 F.3d 1003 (9th Cir. 2008), the Court should treat the motion as a civil complaint and the Government's opposition as a motion for summary judgment? If not, do the parties have any authority setting forth the procedures the Court should follow, in light of the fact that the Civil Asset Forfeiture Reform Act applies to this case and 18 U.S.C. § 983(e) is Plaintiff's exclusive remedy?

2. Defendant contends that both of the notices that it sent via U.S. Mail were not returned. However, in Exhibit C, it appears that the notice sent to the Gilpepper Lane address was returned. How does Defendant reconcile Agent Craven's declaration with the documents attached to his declaration?

3. What disputed facts does Ms. Lawrence contend are in the existing record that would preclude this Court from determining, as a matter of law, whether Defendant provided her with constitutionally adequate notice of the forfeiture proceedings?

4. If the Court were to reverse its tentative ruling, would Ms. Lawrence agree that the Defendant would have the right to reinitiate forfeiture proceedings? *See* 18 U.S.C. § 983(e)(2).

5. Are there any other issues the parties wish to address?

**IT IS SO ORDERED.**

Dated: January 25, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE