1
2
3
4
5 **NOT FOR PUBLICATION**

6 IN THE UNITED STATES DISTRICT COURT

7
8 FOR THE NORTHERN DISTRICT OF CALIFORNIA

9 ASHLEE LAWRENCE,

10       Plaintiff,                  No. C 09-80268-MISC JSW

11   v.                           **ORDER DENYING MOTION FOR RETURN OF PROPERTY**

12 UNITED STATES OF AMERICA,

13       Defendant.

                                            /

14

15       Now before the Court for consideration is the Motion for Return of Property filed by

16 Plaintiff Ashlee Lawrence ("Ms. Lawrence"). The Court has carefully considered the parties'

17 papers, relevant legal authority, the record in this case, and has had the benefit of oral argument.

18 The Court HEREBY DENIES Ms. Lawrence's Motion.

19                                    **BACKGROUND**

20       The following facts are undisputed, unless otherwise noted. On March 12, 2009,

21 California law enforcement officers executed a search warrant at 2053 Covelline Street in Santa

22 Rosa, California. (Declaration of Special Agent Joshua Craven ("Craven Decl."), ¶¶ 5-7; Mot.,

23 Ex. A, Ex. D (Declaration of Ashlee Lawrence ("Lawrence Decl."), ¶ 1.) State authorities

24 obtained the warrant after receiving information that Ms. Lawrence's boyfriend, Michael Furuli,

25 was involved in the use of stolen prescription sheets to purchase Oxycontin, Norco and

26 Alprazolam. On March 12, 2009, Mr. Furuli picked up some of this medication from a Longs

27 Drugstore. Law enforcement officers observed him drive away in a 2008 Chevrolet Tahoe SUV

28 //

(the "Tahoe"), which officers determined was registered to Ms. Lawrence. (Craven Decl., ¶¶ 5-6.) The officers also observed a female passenger in the Tahoe, who later was identified as Ms. Lawrence. (*Id.,* ¶ 6.) Although state authorities detained Mr. Furuli, they released Ms. Lawrence. (*Id.*, ¶ 9.)

On March 13, 2009, Sonoma County Chief Deputy District Attorney William Brockley issued a Notice of Seizure and Intended Forfeiture, naming *inter alia*, the Tahoe as a property seized and subject to forfeiture. (Mot., Ex. B.) Ms. Lawrence was personally served with notice of the state seizure on that date. (*Id.*) On March 16, 2009, the presiding Judge of the Superior Court of Sonoma County, California issued an Ex Parte Motion and Order to release, transfer and turnover the Tahoe to the Drug Enforcement Administration and the United States Marshals Service to commence federal forfeiture proceedings. (Craven Decl., ¶ 10, Ex. A.)[1]

On April 1, 2009, the state initiated criminal proceedings against Ms. Lawrence. On April 10, 2009, Ms. Lawrence filed a claim opposing with forfeiture with the state. (Lawrence Decl., ¶¶ 2, 4.) On June 3, 2009, she entered a no contest plea to one count of a violation of California Health and Safety Code § 11358, cultivation of marijuana. (Lawrence Decl., ¶¶ 3, 5.) Ms. Lawrence contends that during her plea negotiations, the state prosecutor represented that the state no longer intended to forfeit the Tahoe. She also contends that by the time she was sentenced in July 2009, she had learned that the DEA had commenced forfeiture proceedings.[2] Ms. Lawrence claims, however, that she did not receive notice from the DEA regarding the forfeiture. (*Id.*, ¶¶ 5-11.)

Defendant presents evidence that the DEA sent out two notices of seizure to Ms. Lawrence at two different addresses via certified mail, one of which was the Covelline street address where Ms. Lawrence resided at the time of the seizure. (*Id.*, ¶ 11, Ex. B; *see also* Joint

---

[1]     Ms. Lawrence argued that Defendant never obtained jurisdiction over the Tahoe, because there was no evidence that the state had issued a turnover order. Ms. Lawrence acknowledges the turnover order in her reply brief and appears to concede this issue. (*See* Reply at 2:6-16.) Accordingly, to the extent Ms. Lawrence's motion was premised upon Defendant's failure to obtain jurisdiction over the Tahoe, the Court denies the motion in part on that basis.

[2]     It is not clear whether the state prosecutor advised Ms. Lawrence that the Tahoe had been turned over to Federal authorities.

1   Status Report Attachment A; Lawrence Decl., ¶¶ 1.)  On May 13, 2009, the DEA sent another

2   notice of seizure, via certified mail, to Ms. Lawrence at a new and different address.  (Craven

3   Decl., ¶ 12, Ex. C.)  All of these notices were returned to the DEA.  (*Id.*, ¶¶ 11-12, Exs. B, C;

4   Joint Status Report, Attachment A.)  The DEA also published notice of the forfeiture in the

5   *Wall Street Journal* once each week, for three consecutive weeks, beginning April 27, 2009.

6   (*Id.*,

7   ¶ 14, Ex. D.)

8       On May 13, 2009, the DEA sent out two notices via first class mail to Ms. Lawrence,

9   one of which was sent to the Covelline Street address.  (Craven Decl., ¶ 13, Ex. C.)  Based on

10  the record before the Court, the notice sent via U.S. mail to the Covelline Street address was not

11  returned.  (*Id.*) The DEA administratively forfeited the Tahoe on July 8, 2009.  (*Id.*, ¶ 15.)  On

12  November 27, 2009, the DEA considered and denied Ms. Lawrence's petition for remission and

13  mitigation.  (Joint Status Report, Attachment A.)

**ANALYSIS**

15  **A.      Standards Applicable to a Motion for Summary Judgment.**[3]

16      A court may grant summary judgment as to all or a part of a party's claims.  Fed. R. Civ.

17  P. 56(a).  Summary judgment is proper when the "pleadings, depositions, answers to

18  interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

19  genuine issue as to any material fact and that the moving party is entitled to judgment as a

20  matter of law."  Fed. R. Civ. P. 56(c).  An issue is "genuine" only if there is sufficient evidence

21  for a reasonable fact finder to find for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*,

22  477 U.S. 242, 248-49 (1986).  A fact is "material" if the fact may affect the outcome of the case.

23  *Id*. at 248.  "In considering a motion for summary judgment, the court may not weigh the

24  evidence or make credibility determinations, and is required to draw all inferences in a light

25

26

27      [3]      Pursuant to *United States v. Ibrahim*, 552 F.3d 1003 (9th Cir. 2008) and
    *United States v. Ritchie*, 342 F.3d 903 (9th Cir. 2003), the Court treats Ms. Lawrence's
    motion as a civil complaint, and has treated the Government's opposition as a motion for
28  summary judgment.  Accordingly, in ruling on this motion, the Court has applied the
    standards and burdens applicable to a motion for summary judgment.

1    most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir.

2    1997).

3          A principal purpose of the summary judgment procedure is to identify and dispose of

4    factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986).  The

5    party moving for summary judgment bears the initial burden of identifying those portions of the

6    pleadings, discovery, and affidavits which demonstrate the absence of a genuine issue of

7    material fact. *Id.* at 323.  Where the moving party will have the burden of proof on an issue at

8    trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for

9    the moving party. *Id.*  Once the moving party meets this initial burden, the non-moving party

10   must go beyond the pleadings and by its own evidence "set forth specific facts showing that

11   there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  The non-moving party must "identify

12   with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*,

13   91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251

14   (7th Cir. 1995)) (stating that it is not a district court's task to "scour the record in search of a

15   genuine issue of triable fact").  If the non-moving party fails to make this showing, the moving

16   party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.[4]

17   **B.      The Motion for Return of Property is Denied.**

18         Ms. Lawrence moved for the return of her property pursuant to Federal Rule of Civil

19   Procedure 41(g) and this Court's equitable jurisdiction.  Defendant argues that because the

20   property was administratively forfeited before Ms. Lawrence filed the motion, 18 U.S.C. §

21   983(e) is Ms. Lawrence's exclusive remedy.  The forfeiture proceedings at issue in this case

22   were instituted after April 25, 2000, thus the provisions of the Civil Asset Forfeiture Reform

23   Act ("CAFRA") apply. *See Ritchie*, 342 F.3d at 909 n.1.  Because CAFRA applies, Section 983

24   is Ms. Lawrence's exclusive remedy. *See* 18 U.S.C. § 983(e)(5) ("A motion filed under this

25

26         [4]      At the hearing, Plaintiff made an oral request for a continuance to seek
     discovery.  Plaintiff failed to file a Rule 56(f) motion in advance of the hearing.  Moreover,
     the basis for the purported Rule 56 motion apparently was to discern Ms. Lawrence's
27   residence and whereabouts in 2009.  That information, however, is uniquely in Ms.
     Lawrence's possession and could have been presented in her opening declaration and even in
28   her belated reply.  Accordingly, even if Plaintiff had strictly complied with the requirements
     of Rule 56(f), the Court concludes that there is no good cause to grant her oral request.

4

1    subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture

2    under a civil forfeiture statute."); *see also United States v. Stevens,* 2009 WL 55919 at \*3-4

3    (E.D. Cal. Jan. 7, 2009) (citing *United States v. Mesa Valderrama v. United States*, 417 F.3d

4    1189, 1195 (11th Cir. 2009)); *United States v. Cobian*, 2008 WL 5397141 at \*3-4 (E.D. Cal.

5    Dec. 23, 2008).

6    Pursuant to Section 983, in order to set aside a declaration of forfeiture, Ms. Lawrence

7    must demonstrate that "(A) the Government knew, or reasonably should have known, of the

8    moving party's interest and failed to take reasonable steps to provide such party with notice;

9    and (B) the moving party did not know or have reason to know of the seizure within sufficient

10   time to make a timely claim."  18 U.S.C. § 983(e)(1).  The issue presented to the Court is

11   whether Defendant provided constitutionally adequate notice of the forfeiture proceedings to

12   Ms. Lawrence.

13   In order to satisfy the Due Process clause of the Fifth Amendment, Defendant's efforts

14   to provide Ms. Lawrence with notice must be "'reasonably calculated under all the

15   circumstances'" to apprise her of the proceedings and provide her an opportunity to be heard.

16   *See Dusenberry v. United States*, 534 U.S. 161, 172-73 (2002); *Mullane v. Central Hanover*

17   *Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  Defendant contends that it has satisfied due

18   process requirements, because although the initial attempts to provide Ms. Lawrence with

19   notice by certified mail were unsuccessful, it took additional steps to effectuate notice.

20   Specifically, Defendant sent notice to Ms. Lawrence by United States mail, which was not

21   returned.  Defendant also published notice of the forfeiture proceedings in the *Wall Street*

22   *Journal* in accordance with 21 C.F.R. § 1316.75.

23   Ms. Lawrence argues, however, that Defendant's efforts were not reasonably calculated

24   to provide her with notice, because Defendant made no effort to serve notice on her through her

25   attorney.  (*See* Reply at 6:10-18.)  The Court finds the authorities on which Ms. Lawrence relies

26   to be inapposite.  For example, in *Taylor v. United States*, 483 F.3d 385 (5th Cir. 2007), the

27   court remanded for an evidentiary hearing where the plaintiff established that the DEA knew

28   the claimant's address because it had given him a ride to his apartment and then searched it.  *Id.*,

5

483 F.3d at 389.  Notwithstanding its knowledge of the claimant's actual residence address, the DEA sent notice of forfeiture proceedings to an entirely different address.  In *United States v. Cupples*, 112 F.3d 318 (8th Cir. 1997), the court held that notice should be given to counsel when the government is prosecuting or incarcerating the claimant.  *Id.* at 320 (quoting *United States v. Woodall*, 12 F.3d 791, 794-95 (8th Cir. 1993)).

In this case, however, although the notice sent by certified mail was "unclaimed," in her declaration Ms. Lawrence states that as of August 2009, she "was still maintaining residence at 2053 Covelline Street."  (Lawrence Decl., ¶ 8.)  As set forth above, in May 2009, after the certified mail letter was not claimed, the DEA again furnished notice to Ms. Lawrence at that address by first-class mail.  That letter was not returned.  There is no evidence in the record that would demonstrate the DEA had reason to believe Ms. Lawrence no longer lived at the Covelline address, distinguishing this case from *Taylor*.  Moreover, although Ms. Lawrence was represented by counsel in the state proceedings, the state turned the Tahoe over to the federal authorities in March 2009, shortly after the search.  The state, however, did not initiate criminal proceedings against Ms. Lawrence until April 1, 2009.  There is nothing in the record from which the Court could reasonably infer that the federal authorities were aware of this decision or that they knew the identity of Ms. Lawrence's counsel.

Accordingly, the Court finds that Ms. Lawrence has failed to demonstrate there are genuine issues of material fact in dispute.  The Court also finds as a matter of law that Defendant's efforts to provide Ms. Lawrence with notice of the forfeiture proceedings, as set forth above, were reasonably calculated under the circumstances to provide Ms. Lawrence with notice of those.  *See, e.g., United States v. Real Property* 135 F.3d 1312, 1316 (9th Cir. 1998) (concluding that so long as Government makes efforts to provide reasonable notice, actual notice is not required); *Stevens*, 2009 WL 55919 at *4-*5.  Accordingly, her motion return of property is DENIED.  The Court shall enter judgment, and the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February 8, 2010

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE